Dear Judge Kleinpeter:
Our office has received your request for a clarification of Louisiana Attorney General Opinion No. 05-0035. The aforementioned opinion addressed "who bears the responsibility of paying the fees of law enforcement officers who serve as witnesses in city court".
It was the opinion of this office that the fees questioned shall be paid by the governing authority from a special fund containing the collected court costs. It would not be financed by the officers' employer, unless the governing authority enters into an agreement with the employer of the law enforcement officers.
In your request for clarification you addressed three separate issues of concern:
 1. Which entity would be considered the "governing authority"?
 2. Under LSA-R.S. 15:255 who would be considered the officers "employer"?
 3. Are payments received under LSA-R.S. 15:255
considered earned compensation an as such subject to income tax and Medicare withholdings?
The answers to your inquiry may be found in the direct language of the above mentioned statute. It states:
 Witness fees provided by this Subsection shall be paid from costs of court which shall be assessed and collected in individual cases in which there is a plea of guilty or a conviction, in accordance with a schedule of costs adopted by the judge or judges of the city court. LSA-R.S. 15:255. *Page 2 
In this instance it is the City Court of Port Allen who sets and collects all court cost, therefore the City of Port Allen is the governing body. The statute further explicitly sets out how the city is to manage these funds.
 The costs so collected shall be placed in a special fund maintained and administered by the governing authority and from which the governing authority shall pay the witness fees provided herein. LSA-R.S. 15:255.
 Application for payment of the fee shall be accompanied by documentation verifying the law enforcement officer's service as a witness and that the law enforcement officer has not been compensated by his employer for his appearance as a witness pursuant to the provisions of the federal Fair Labor Standards Act, 29 USC 201 et seq. Within thirty days of receipt of the application for the fee, along with accompanying documentation, the governing authority of the municipality having the city court shall transmit the fee to the law enforcement officer's employer. LSA-R.S. 15:255 E.
However, the statute does provide an alternative if the employer and governing body should wish to so negotiate.
 Nothing in this Section shall prohibit the governing authority of any municipality from entering into a cooperative endeavor agreement with the employer of any law enforcement officer to provide that the fees under this Section shall be transmitted to the law enforcement officer's employer. . . . LSA-R.S. 15:255
E (5).
Whether the burden of the cost is assumed by the governing authority or by the employer, the distinct entity of "the employer" remains the same. Whoever in the normal course of business acts as the employer by issuing officer pay, that entity will be the employer for issuing pay under LSA-R.S. 15:255. The employer who normally issues pay to the officer will receive the funds from the city and then under this statute:
 The employer shall be responsible for calculating and withholding all requisite deductions for taxes and for transferring or remitting all sums of employee withholdings to the appropriate taxing authorities, on behalf of the law enforcement officer and, within thirty days after receipt of the funds, for making payment of the appropriate net amount to the law enforcement officer. LSA-R.S. 15:255 E. *Page 3 
Therefore, according to the direct language of the statute, when law enforcement officers are required to serve as witnesses in city court they shall be paid their fees by the governing authority. The governing authority (city of Port Allen) shall place these fees so collected in a special fund maintained and administered by the governing authority. The governing authority shall then forward witness fees to the law enforcement officer's usual employer, in this case the City Police. The City Police employer will then calculate and withhold the ordinary income tax and Medicare withholding amounts. The employer will then forward the remaining amount to the law enforcement officer.
Very Truly Yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ______________________ DONALD S. WINGERTER ASSISTANT ATTORNEY GENERAL
DSW/eb/jy